```
                    FILED
                    2020 Feb-10 PM 02:37
                    U.S. DISTRICT COURT
                    N.D. OF ALABAMA
```

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v. ] | 4:19-cr-304-KOB-HNJ |
| ] | |
| KELVIN DANIEL STRICKLAND, ] | |
|     Defendant. ] | |

## MEMORANDUM OPINION

This matter comes before the court on the Defendant Kelvin Daniel Srickland's motion to suppress evidence. (Doc. 13). Mr. Strickland maintains that deputies improperly obtained consent from his then-fiancé Kristen Smith Gowins (now Mrs. Kristen Strickland) to search his residence, which resulted in the discovery of a loaded firearm in his bedroom dresser. That evidence led to the grand jury indictment of Mr. Strickland for an alleged violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm.

After conducting an evidentiary hearing on August 23, 2019, the magistrate judge issued a report and recommendation (doc. 34) that the court deny Mr. Strickland's motion to suppress (doc. 13). Mr. Strickland filed objections (doc. 35), arguing that his then-fiancé "never possessed actual or apparent authority to consent to a search of Mr. Strickland's property." He also argued that the deputies failed to verify whether Mrs. Strickland "was actually a coinhabitant of the

residence" and did not make "reasonable inquiries as to [her] residency in determining whether she actually or legally resided in Mr. Strickland's residence." (Doc. 13 at 2-3).

In making its determination, the court must consider only what the deputies knew at the time of the purported consent of Mrs. Strickland. The deputies did not know at the time of the search on June 25, 2018 that, on August 30, 2108, Mr. Strickland would plead guilty to allowing his "girlfriend's children to reside with him" on or around April 26, 2018, or that Mrs. Strickland would be charged with perjury based on her testimony at the suppression hearing.

So the court will only consider what the deputies knew at the time of Mrs. Strickland's purported consent to determine whether the deputies could reasonably believe she retained the apparent authority to consent to a search:

(1) Mrs. Strickland told the deputies that she was Mrs. Strickland's fiancé and had resided in the home for two to three months;

(2) Mrs. Strickland's children were in the home at 10:30 pm, and one of her children was asleep; and

(3) The deputies had received a tip that children were living in the home with Mr. Strickland, a registered sex offender.

The court agrees with the magistrate judge that "these facts warrant a reasonable officer's belief that Mrs. Strickland exhibited apparent authority to consent to a search of the residence." (Doc. 34 at 21).

And Mr. Strickland cites no legal authority regarding (1) the need to verify Mrs. Strickland's legal residency or (2) any error in the report regarding the magistrate judge's basis for finding her apparent authority to consent to the search. So the court OVERRULES Mr. Strickland's objections.

The court also confirms the magistrate finding that Mrs. Strickland's audiotaped interview, as well as other circumstances, discredited her as a credible witness. Her inconsistent and contradictory statements in different circumstances coupled with her bias "devalue the weight of her testimony." (Doc. 34 at 18). But the fact that no identification card listed Mr. Strickland's address as hers does not establish her true residence, as people do not always immediately change identification cards when they change residence.

The court considered the entire record in this case de novo, including the report and recommendation (doc. 34); Mr. Strickland's objections (doc. 35); the motion to suppress (doc. 13); the government's response (doc. 14); the transcript of the suppression hearing (doc. 26); and all exhibits from that hearing, including the audiotaped interview of Mrs. Strickland (docs. 30 & 33). The court ACCEPTS the magistrate judge's factual findings, except the court only considers facts that the deputies knew at the time of Mrs. Strickland's consent prior to the search of the residence. The court ADOPTS the magistrate judge's recommendation to DENY the motion to suppress.

The court will enter a separate Order doing so.

3

**DONE** and **ORDERED** this 10th day of February, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE